IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NIA MARTIN, CAIRO MITCHELL, BRITTANY PACE, and GIANA SHABAZZ,** | |
| **Plaintiffs,** | |
| **v.** | Civil Action File No. |
| **METRO LANES & GAMES, LLC; ATLANTA FAMILY FUN CENTERS, INC; METRO FITNESS, LLC; METRO FAMILY FUN CENTER, LLC; BRUCE RICHARDSON; and GREGORY ALEXANDER,** | |
| **Defendants.** | Jury Trial Demanded |

## <u>COMPLAINT</u>

NOW COMES Nia Martin, Cairo Mitchell, Brittany Pace, and Gina Shabazz (collectively "Plaintiffs"), by and through their attorneys, against Metro Lanes & Games, LLC; Atlanta Family Fun Centers, Inc.; Metro Fitness, LLC, Metro Family Fun Center, LLC, Bruce Richardson, and Gregory Alexander (collectively "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.

Plaintiffs formerly worked as general laborers at a family fun center located in Atlanta, Georgia. Initially, the family fun center was owned and operated by Defendant Bruce Richardson and Defendant Metro Lanes & Games, LLC. At that time, the family fun center was called Metro Lanes or Atlanta Metroplex. In March 2014, Defendant Gregory Alexander and Defendant Atlanta Family Fun Centers, Inc. bought the family fun center and renamed it Metro Fun Center. For purposes of this Complaint, Metro Fun Center and Metro Lanes/Atlanta Metroplex will simply be called "Family Fun Center."

2.

Plaintiffs bring this action against Defendants pursuant to the Fair Labor Standards Act ("FLSA") 29. U.S.C. § 201 *et. seq.* to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiffs were not paid in violation of the laws of the United States. Plaintiffs further request liquidated damages for Defendants' willful violations of the FLSA, interest, attorney's fees and costs pursuant to 29 U.S.C. § 216.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, *et seq*., commonly known as the FLSA. Plaintiffs do not assert any cause of action that is subject to any collective bargaining agreement.

### 4.

This Court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts, 1959 Metropolitan Parkway, S.W., Atlanta, Georgia 30315. Additionally, Defendants Metro Lanes & Games, LLC; Atlanta Family Fun Centers, Inc.; Metro Fitness, LLC; and Metro Family Fun Center, LLC are businesses incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court. Defendant Gregory Alexander is a resident of Dekalb County, Georgia, and is therefore subject to the jurisdiction of this Court. Similarly, Defendant Bruce Alexander is a resident of Fulton County, Georgia, and is therefore subject to the jurisdiction of this Court.

### 5.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(b) because, *inter alia*, all Defendants reside within

the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

6.

Plaintiff Nia Martin is an individual residing in Atlanta, Dekalb County, Georgia. Defendants' employed Plaintiff Martin as a general laborer at Family Fun Center from October 2012 to January 2014. For the duration of Plaintiff Martin's employment, she worked in excess of forty (40) hours per week and Defendant failed to pay her both minimum and overtime wages.

7.

Plaintiff Cairo Mitchell is an individual residing in College Park, Fulton County, Georgia. Defendants' employed Plaintiff Mitchell as a general laborer at Family Fun Center from April 2013 to March 2014. For the duration of Plaintiff Mitchell's employment, she worked in excess of forty (40) hours per week and Defendant failed to pay her both minimum and overtime wages.

8.

Plaintiff Brittany Pace is an individual residing in Decatur, Dekalb County, Georgia. Defendants' employed Plaintiff Pace as a general laborer at Family Fun Center from April 2011 to July 2014. For the duration of Plaintiff Pace's

employment, she worked in excess of forty (40) hours per week and Defendant failed to pay her both minimum and overtime wages.

9.

Plaintiff Giana Shabazz is an individual residing in Stone Mountain, Dekalb County, Georgia. Defendants' employed Plaintiff Shabazz as a general laborer at Family Fun Center from April 2013 to April 2014. For the duration of Plaintiff Shabazz's employment, she worked in excess of forty (40) hours per week and Defendant failed to pay her both minimum and overtime wages.

10.

Defendant Metro Lanes & Games, LLC is incorporated under the laws of the state of Georgia.  Its principal place of business is 3355 Lenox Road N.E., Suite 425, Atlanta, Georgia 30326, and it can be served through its registered agent, Charles E. Taylor, 3713 Peachtree Road, N.E., Atlanta, Georgia 30319.

11.

Defendant Atlanta Family Fun Centers, Inc. is incorporated under the laws of the state of Georgia. Its registered address is Post Office Box 360347, Decatur, Georgia 30036, and it can be served through its registered agent, Gregory Alexander, 585 North Shore Road, Lithonia, Georgia 30058.

12.

Defendant Metro Family Fun Center, LLC is incorporated under the laws of the state of Georgia. Its registered address is 2750 Wesley Chapel Road, Decatur, Georgia 30034, and it can be served through its registered agent, Gregory Alexander, at 2750 Wesley Chapel Road, Decatur, Georgia 30034.

13.

Defendant Metro Fitness, LLC is incorporated under the laws of the state of Georgia. Its registered address is 3355 Lenox Road NE, Suite 425, Atlanta, Georgia 30326. It can be served through its registered agent, Charles E. Taylor, Esq., at 3713 Peachtree Road NE, Atlanta, Georgia 30319.

14.

Defendant Richardson is a resident of Fulton County, Georgia and can be served at 5103 Highland Lake Drive, Atlanta, Georgia 30349, or wherever he can be found.

15.

Defendant Alexander is a resident of DeKalb County, Georgia and can be served at 585 North Shore Road, Lithonia, Georgia 30058, or wherever he can be found.

## FACTUAL ALLEGATIONS

### 16.

Defendants Atlanta Family Fun Center, Inc. and Gregory Alexander operate a family fun center currently called Metro Fun Center located at 1959 Metropolitan Parkway, S.W., Atlanta, Georgia 30315. Metro Fun Center, however, was formerly owned and controlled by Defendants Metro Lanes & Games, LLC and Bruce Richardson. Metro Fun Center was then known as Atlanta Metroplex or Metrolanes. For purposes of this Complaint, however, the business will be treated as one entity and referred to as "Family Fun Center". Family Fun Center offers bowling, drinking, basketball, and games to its patrons. Defendants have at all relevant times done business in the State of Georgia.

### 17.

Defendants employed Plaintiffs as general laborers for Family Fun Center. As general laborers, Plaintiffs served food and drinks, cleaned the facility, decorated for events, restocked the bar, and even performed janitorial duties and pest control. Plaintiffs also worked raves and other special events that often lasted all night. Shifts could last up to sixteen (16) hours.  Plaintiffs regularly worked in excess of forty (40) hours per week.

18.

Despite working shifts that could last up to sixteen (16) hours and often

working more than forty (40) hours per week, Defendant initially only paid

Plaintiffs $25 per shift worked – no matter how many hours Plaintiffs worked. At

some point, the pay structure changed and Defendants began paying an hourly

wage ($2.13). But even after Defendants began paying Plaintiffs an hourly wage,

Defendants would regularly clock Plaintiffs out when they were still working.

Defendants also subtracted hours from time sheets. When Defendants required

Plaintiffs to work an all-night rave, Defendants did not credit Plaintiffs' hours at

all. Furthermore, Defendants never informed Plaintiffs that they intended to use the

tip credit provision of the Fair Labor Standards Act.

19.

The FLSA's minimum wage, overtime wage and tip credit policies have

applied and been controlling on Defendants at all times. Defendants are an

enterprise engaging in commerce by having multiple employees regularly engaged

selling alcoholic beverages that are produced and shipped from outside the State of

Georgia, having multiple employees regularly serving foods produced and shipped

from outside the State of Georgia, and having multiple employees regularly

processing out-of-state credit card sales. Family Fun Center is located near

downtown Atlanta, directly adjacent to the intersection of two interstate highways

(I-85 and I-75), and serves large numbers of out-of-state customers. Additionally,

Defendants have revenues and do business transactions in excess of $500,000 per

year. Lastly, no exemptions contained in 29 U.S.C. § 213(a)(1) apply in this case

because Plaintiffs worked as general laborers.

20.

Defendants have at all relevant times falsely classified Plaintiffs as

independent contractors.

21.

Despite the fact that Defendants have classified Plaintiffs as independent

contractors, Defendants have exercised at least the following controls over

Plaintiffs:

(1)     Defendants set an exact work schedule for Plaintiffs. The scheduled
        start time and end time was always dictated by Defendants;

(2)     Defendants controlled what Plaintiffs wore to work, as each had to
        wear a matching shirt;

(3)     Defendants made Plaintiffs attend staff meetings despite the fact
        Defendants did not compensate Plaintiffs for their attendance and
        attendance was a condition of their employment;

(4)     Defendants had "mandatory cleaning days" where Plaintiffs were
        required to clean the whole facility without compensation; and

(5)     Defendants did not allow Plaintiffs rest breaks, including breaks for

lunch or even the restroom.

22.

Defendants have recklessly and maliciously failed to pay Plaintiffs minimum

wage and overtime wages as required by 29 U.S.C. § 201 *et seq*.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206**</u>

23.

Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint as

if fully restated herein.

24.

At all relevant times, Plaintiffs performed work for which Defendants were

required to pay minimum wage. Instead, Defendants only paid Plaintiffs a meager

flat fee for working a shift. Sometimes, when Family Fun Center was hosting a

rave or other special event, Defendants paid Plaintiffs no wage at all. Defendants

even purposely altered time cards to deny Plaintiffs' wages.

25.

At all relevant times, Defendants were and are legally responsible for all of

the wrongful conduct, policies, practices, acts and omissions as described in each

and all of the foregoing paragraphs as the employer of Plaintiffs.

26.

At all relevant times, the unlawful conduct against Plaintiffs, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of Plaintiffs. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of all Defendants as well as their managerial employees.

27.

These wrongful actions were compounded by Defendants' failure to provide notice to their employees that they intended to utilize the tip-credit provisions of the FLSA.

28.

Plaintiffs have been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. Defendants have exercised no good faith attempt to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of 29 U.S.C. §255.

29.

Defendants' wrongful and illegal conduct has deprived Plaintiffs of the minimum wage to which they are statutorily entitled in an amount to be determined

by a jury. Additionally, Plaintiffs are entitled to their attorney's fees, expenses, and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

30.

Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint as if fully restated herein.

31.

Pursuant to 29 U.S.C. § 207, Plaintiffs are entitled to compensation at one and one half times the minimum wage for each and every hour worked over forty (40) hours in any given workweek.

32.

The overtime provisions of the FLSA apply to Plaintiffs.

33.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiffs any overtime wages whatsoever.

34.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid only a meager flat fee to Plaintiffs, which does not even equate to minimum wage, much

less overtime wages. Furthermore, Defendants paid no wage at all when Plaintiffs were required to work all night at a rave. Defendants are liable to Plaintiffs for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays that this Court:

(a)    Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiffs minimum and overtime wages;

(b)    Issue a judgment against Defendants for all unpaid wages and overtime, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(c)    Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b); and

(d)    For such other and further relief as is just and equitable.

Plaintiffs hereby demand a TRIAL BY JURY.

This 24th day of October 2014.

Respectfully submitted,

SMITH COLLINS, LLC

*/s/ W. Anthony Collins, Jr.*

| | |
|---|---|
| 8565 Dunwoody Place | W. Anthony Collins, Jr. |
| Building 15, Suite B | Georgia Bar No. 141712 |
| Atlanta, GA 30350 | *anthony@smithcollinsllc.com* |
| P: (404) 806-7180 | Matthew W. Herrington |
| F: (404) 437-6265 | Georgia Bar No. 275411 |

*matthew@smithcollinsllc.com*

*Attorneys for Plaintiffs*