**EXHIBIT B**

## AGREEMENT AND GENERAL RELEASE

Metro Fitness, LLC, Metro Lanes & Games, LLC, Bruce Richardson Jr., individually, Metro Family Fun Center, LLC, Atlanta Family Fun Centers, Inc. and Gregory Alexander, individually ("Employer") and Cairo Mitchell, her heirs, executors, administrators, successors, assigns, spouses and conjugal partnerships (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment.** Employee's last day of employment with Employer was late-March 2014 ("Separation Date").

2. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Employer agrees:

   a. to pay to Employee **Two Thousand Five Hundred Seventeen Dollars and Ninety-Two Cents ($2,517.92)**, fifty percent (50%) will be classified as back wages, less applicable tax withholdings at the rates used in Employee's last or most recent paycheck and will be reported on a W-2 issued to Employee (the remaining 50% will not contain tax withholdings) within the later of thirty (30) calendar days after: (1) counsel for Employers receive a signed original of this Agreement ~~and Exhibit A~~; and (2) the United States District Court, Northern District of Georgia, Atlanta Division approves the parties' Settlement Agreements.

   b. to pay to Smith Collins, LLC **One Thousand Two Hundred Fifty-Two Dollars and Eight Cents ($1,257.08)** within the later of thirty (30) calendar days after: (1) counsel for Employer receives a signed original of this Agreement ~~and Exhibit A~~; and (2) the United States District Court, Northern District of Georgia, Atlanta Division approves the parties' Settlement Agreements.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

4. **General Release. Claims Not Released and Related Provisions.**

   a. **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Employer, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

   - Title VII of the Civil Rights Act of 1964;

1

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Fair Labor Standards Act ("FLSA")

- The Equal Pay Act;

- The Georgia AIDS Confidentiality Act;

- The Georgia Equal Pay Act (Sex Discrimination in Employment);

- The Georgia Age Discrimination in Employment Act;

- The Georgia Equal Employment for Persons with Disabilities Code;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; and

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

    b. **Claims Not Released.** Employee is not waiving any rights she may have to: (a) her own vested accrued employee benefits under Employee's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

    c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any

investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

          d.    **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

    5.    **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Employer, except *Nia Martin, Cairo Mitchell, Brittany Pace and Giana Shabazz v. Metro Lanes & Games, LLC d/b/a Atlanta Metroplex, a corporation, Atlanta Family Fun Centers, Inc. b/d/a Atlanta Family Fun Center Metro Fun Center, Lanes & Games, LLC, Metro Fitness, LLC, Metro Family Fun Center, LLC, Bruce Richardson and Gregory Alexander*, United States District Court, Northern District of Georgia, Atlanta Division, Civil Action File No. _____.     ERM  ERM

Employee also affirms that Employee has reported all hours worked as of the date Employee signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Employer and will continue to maintain the confidentiality of such information consistent with Employer's policies and Employee's agreement(s) with Employer and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Employer or its officers, including any allegations of corporate fraud.

Employee shall not apply in the future for employment with Employer because of, among other things, irreconcilable differences with Employer. In addition to the confidentiality provisions contained in this Agreement, Employee affirms that he/she will not solicit, recruit or otherwise attempt to cause anyone else to bring a claim against the Employer. Employee recognizes that he/she will be liable to Employer for any and all damages caused by a breach of this provision, including an award of reasonable attorney's fees.

    6.    **Limited Disclosure and Return of Property.** Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or

substance of this Agreement, except to Employee's spouse, tax advisor, an attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement and/or to any federal, state, or local government agency.

Employee affirms that Employee has returned all of Employer's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Employer's premises and that Employer is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: /s/
Bruce Richardson, Jr. by and on behalf of himself, and on behalf of Metro Fitness, LLC and Metro Lanes & Games, LLC

Date: 10/22/14

By: _____
Gregory Alexander, by and on behalf of himself, and on behalf of Metro Family Fun Center, LLC and Atlanta Family Fun Centers, Inc.

Date: _____

By: Cairo Mitchell
~~Giana Shabazz~~ Cairo Mitchell

Date: 10/02/2014

4819-1776-0542, v. 1

By:_____
Bruce Richardson, Jr. by and on behalf of himself, and on behalf of Metro Fitness, LLC and Metro Lanes & Games, LLC

Date:_____

By: */s/ Gregory Alexander*
Gregory Alexander, by and on behalf of himself, and on behalf of Metro Family Fun Center, LLC and Atlanta Family Fun Centers, Inc.

Date: *10·23·14*

By: *Cairo Mitchell*
~~Giana Shabazz~~ Cairo Mitchell

Date: 10/02/2014

4819-1776-0542, v. 1